UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| HUANPING ZHANG,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | No. 5:26-cv-04016-JDE<br><br>ORDER REGARDING PETITION |

**I.**

**INTRODUCTION**

On July 17, 2026, Huanping Zhang ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus, alleging she is unlawfully detained by immigration authorities. Dkt. 1 ("Petition" or "Pet."). She filed a prior federal habeas challenge to her detention. See Zhang v. Semaia, et al., Case No. 5:26-cv-01231-ODW-JDE (C.D. Cal.) ("Prior Action"). The Prior Action challenged her re-detention, alleging it violated 8 U.S.C. § 1226(a) and her due process rights, and seeking release or a bond hearing. Consistent with the court's order in the Prior Action granting Petitioner's request for a temporary restraining order (id., Dkt. 9), Petitioner received an individualized bond hearing before an immigration judge ("IJ"), who determined that Petitioner is a flight risk and

therefore denied bond. Pet., Exh. A. The instant Petition challenges that determination on due process grounds. Petitioner also reasserts her prior challenges to her initial re-detention. She seeks immediate release and return of her property; a declaration that her detention is unlawful; an order enjoining Respondents from transferring her from this district or removing her pending these proceedings; an order enjoining Respondents from transferring, re-arresting, or re-detaining her absent lawful process, including a pre-deprivation hearing before a neutral decisionmaker at which the government proves by clear and convincing evidence that she is a flight risk or danger, and advance notice; an order enjoining Respondents from removing her without meaningful notice and opportunity to fully present a fear-based claim; and attorney's fees and costs. Id. at 13-14. Respondents filed an Answer on July 27, 2026. Dkt. 7 ("Ans."). Petitioner filed a Reply on July 30, 2026. Dkt. 9 ("Reply").

For the reasons discussed below, the Petition be denied.

**II.**

**BACKGROUND**

Petitioner, a native and citizen of the People's Republic of China, entered the United States without inspection on November 30, 2023. Pet. ¶¶ 1, 21. She was taken into custody and issued a Notice to Appear, charging her as removable under Immigration and Nationality Act § 212(a)(6)(A)(i). Id. ¶¶ 21-22; Dkt. 7-1. On or about December 2, 2023, she was released on her own recognizance. Pet. ¶ 23. She has an asylum application pending. Id. ¶ 24. On January 21, 2026, Petitioner was re-detained when she appeared for her routine check-in with Immigration and Customs Enforcement ("ICE") based on 13 alleged violations of the alternatives to detention ("ATD") program, including multiple home visits. Pet. ¶ 26; Dkt. 7-1.

Petitioner filed the Prior Action on March 17, 2026, together with an Application for Temporary Restraining Order (Prior Action, Dkt. 3, "TRO

Request”), alleging her re-detention violated 8 U.S.C. § 1226(a) and the Due Process Clause. Respondents acknowledged that Petitioner appeared to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) (“Bautista”) and subject to the Bautista judgment. Id., Dkt. 7. The Honorable Otis D. Wright, II, United States District Judge, granted the TRO Request, ordering Respondents to release Petitioner, or in the alternative, provide an individualized bond hearing under 8 U.S.C. § 1226(a). Id., Dkt. 9. Petitioner received a bond hearing on March 24, 2026. The IJ denied bond because Petitioner was a flight risk based on the ATD violations. Pet., Exh. A. As Petitioner was granted “the requested relief,” Petitioner’s request for a preliminary injunction was denied as moot and the Prior Action was dismissed without prejudice. Prior Action, Dkt. 12, 18-19.

Petitioner filed the instant Petition on July 17, 2026. She raises two claims: (1) a due process claim based on: (a) her re-detention without advance notice, a pre-deprivation hearing, or any meaningful opportunity to contest the alleged basis for re-detention; (b) a bond hearing that did not remedy the underlying due process violation; and (2) a violation of 8 U.S.C. § 1226(a) based on a lack of a warrant or changed circumstances.

Since that time, Petitioner had a Rodriguez bond hearing on July 28, 2026, at which the government was required to prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community. Ans. at 2; Dkt. 7-4. Although Petitioner acknowledges the Rodriguez hearing, she does not provide any information regarding this hearing. See Reply at 5. She remains in custody. Id. at 2.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that she is in custody in violation of the Constitution, laws, or treaties of the United States.

28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove [her] custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). Here, Petitioner has failed to carry her burden to prove that her current custody violates her federal rights.

**A. Challenges to Initial Arrest**

As noted, Petitioner previously challenged her re-detention and sought either release or a bond hearing. She obtained the alternative relief sought for her re-detention, namely, an individualized bond hearing consistent with the Court's order granting her TRO Request. She now claims that relief was insufficient to cure her pre-detention deprivation and release is the only appropriate remedy. See Pet. ¶¶ 3, 49-50, 54-55.

These claims fail for multiple reasons. First, as the Supreme Court has explained, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex. rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). Thus, "[t]he dispositive question in this habeas proceeding is not whether Petitioner's arrest was procedurally defective, but whether [she] is presently entitled to release from custody." Liu v. Janecha, 2026 WL 2178768, at *2 (C.D. Cal. July 27, 2026). At the time of the Petition, she had a bond hearing, at which she was found to be a flight risk.

She has since had a second bond hearing. The present detention is thus based on her ongoing removal proceedings and the IJ's custody determinations, rather than solely on the circumstances of her initial re-detention. Id.

Further, Petitioner has not shown a procedural due process violation or violation of Section 1226(a) based on her re-detention. To the extent Petitioner claims she was re-detained without a warrant or changed circumstances, this claim largely ignores that she was re-detained based on allegations that she violated the conditions of the ATD program 13 times. Thus, her contention that "[n]othing in the record reflects a material change in circumstances" (Pet. ¶ 61) is belied by the record.

Additionally, even assuming, without deciding, a protected liberty interest existed, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), and Petitioner has not shown that the post-detention process here was inadequate to safeguard that liberty interest. She waited two months before challenging the constitutionality of her immigration detention and received a bond hearing a week later, on March 24, 2026, at which she had the opportunity to challenge her detention. She was represented by counsel, presented evidence, and had the opportunity to appeal the outcome of the bond decision to the Board of Immigration Appeals ("BIA"). She then apparently had a second bond hearing on July 28, 2026, at which the government bore the burden to show flight risk or danger by clear and convincing evidence. As noted, Petitioner acknowledges this hearing, but provides no further information.

Given that Petitioner has been found to be a flight risk based on numerous violations of the ATD program, continued detention serves the government's interest in ensuring Petitioner's appearance at future proceedings. The undersigned finds that the process Petitioner received post-

deprivation was sufficient to protect her liberty interest. See Aguilar v. Semaia, 2026 WL 166906, at *4-5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing); F.R.V. v. Semaia, 2026 WL 852064, at *2-3 (C.D. Cal. Mar. 24, 2026) (finding petitioner failed to show a likelihood of success on her due process claim where she was provided a post-detention bond hearing); Singh v. Bowen, 2026 WL 485760, at *4-5 (C.D. Cal. Feb. 19, 2026) (same); see also Rodriguez Diaz, 53 F.4th at 1208 (explaining that courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him").

Accordingly, Petitioner has not shown that her re-detention renders her present detention unlawful or that release is the appropriate remedy.

**B. Challenge to Bond Decision**

Petitioner next challenges the IJ's bond decision, arguing the IJ failed to apply the correct burden and standard of proof, and abused his discretion in finding her a flight risk. Pet. ¶ 50. As an initial matter, given that Petitioner has recently received another bond hearing, at which the government bore the burden by clear and convincing evidence, it is not clear that even if the Court found the IJ erred at an earlier hearing, habeas relief would be warranted. Regardless, Petitioner has not exhausted her administrative remedies.

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The exhaustion requirement is not jurisdictional, but prudential exhaustion may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3)

administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended).

Exhaustion may be waived where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d at 1045. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of [the] Laing factors applies." Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Detainees subject to Section 1226 who are dissatisfied with the IJ's bond determination may file an administrative appeal with the BIA. See Leonardo, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." Id. Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." Id.; see also Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) ("[T]he petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Prudential exhaustion applies here. Petitioner reserved appeal, but did not file an appeal. See Pet., Exh. A; Dkt. 7-3. Petitioner could have waited to file this petition after appealing to the BIA. See Leonardo, 646 F.3d at 1160; Rojas-Garcia, 339 F.3d at 819. Each of the prudential exhaustion factors weigh

in favor of requiring exhaustion. First, Petitioner argues that she is raising a "purely legal question," which does not require "additional factfinding, agency expertise, or further development of the administrative record." Reply at 2. The Court disagrees. Petitioner challenges the IJ's reliance on her ATD violations, claiming the IJ failed to meaningfully consider the evidence supporting her release. See Pet. ¶ 53. Petitioner, who is represented by counsel, presents no evidence why the factual issues underpinning these assertions cannot be addressed and corrected in the context of an appeal. The factual record can and should be properly developed by the BIA, particularly given that Petitioner has not otherwise presented any evidence of the bond hearing record. See Executive Office for Immigration Review, Part II - OCIJ Immigration Court Practice Manual, Chap. 8.3(e)(7) ("Usually, the [IJ's] decision is rendered orally. If either party appeals, the [IJ] prepares a written decision based on notes from the hearing, however the record will not be transcribed.") available at https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm. Second, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates appeals with the BIA, not the district court, in the first instance. Third, the outcome of such appeal may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review.

Further, Petitioner has not shown exhaustion should be waived in her case. Petitioner contends that pursuit of administrative remedies would be futile because she challenges the constitutionality of her continued detention and the BIA lacks authority to adjudicate such constitutional claims. Pet. ¶ 38. The BIA is "well-equipped" to consider challenges to the IJ's decision and may provide the relief Petitioner seeks. Kanar v. Semaia, 2026 WL 966569, at *4-5 (C.D. Cal. Apr. 7, 2026) (citation omitted). To the extent Petitioner challenges how the IJ considered the evidence in her case, this is a case-specific claim

about the adequacy of one decision in one proceeding, exactly the type of claim the BIA is designed to review. See Liu, 2026 WL 2178768, at *4.

Petitioner also has not shown she will suffer irreparable injury by waiting for a BIA decision. Pet. ¶ 39. This is an issue shared by all noncitizens in custody seeking review of their bond decisions. "[I]f the ordinary delay of administrative review—and its corresponding extension of a petitioner's detention—constituted 'irreparable injury' sufficient to excuse exhaustion, then it would be excused in every bond denial." Liu, 2026 WL 2178768, at *4. Excusing exhaustion on this basis "would cause the exception to swallow the rule." Yu v. Noem, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026), adopted by 2026 WL 1188854 (E.D. Cal. Apr. 30, 2026). While the time needed to complete a BIA appeal may tip against enforcement of exhaustion in some cases with compelling facts, it is not enough on its own to warrant waiving the exhaustion requirement and is not warranted in this case.

Accordingly, Petitioner's challenges to her bond decision should be dismissed without prejudice for failure to exhaust administrative remedies.

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition (a) with prejudice as to Count II and Count I as it relates to her re-detention; and (b) without prejudice as to Petitioner's challenge to the IJ's March 24, 2026 bond decision in Count I.

Dated: August 3, 2026 _____

JOHN D. EARLY
United States Magistrate Judge